**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THOMAS WILLIAM WOOTEN,

      Petitioner,              Case Number 2:20-CV-12493
                                HONORABLE NANCY G. EDMUNDS
v.                        UNITED STATES DISTRICT JUDGE

DANA NESSEL,

      Respondent,
_____/

### OPINION AND ORDER  HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND  ADMINISTRATIVELY CLOSING THE CASE.

      Thomas William Wooten, ("Petitioner"), confined at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his Michigan convictions for first-degree criminal sexual conduct and using a computer to commit a crime. Petitioner has also filed a motion to hold the petition in abeyance to permit him to file a post-conviction motion in the state courts to exhaust several claims that are contained in his petition which have yet to be exhausted with the state courts.  For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust his claims, failing which the petition shall be dismissed without prejudice.  The Court will also administratively close the case.

      Petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asking this Court to grant him habeas relief on five claims.  Petitioner acknowledges that two, and possibly three, of his claims were never exhausted in the state courts. Petitioner argues that he now has newly discovered evidence that he wishes to present to the state courts in order to properly exhaust these claims.

1

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under M.C.R. 6.500. *See Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Petitioner could exhaust his claims by filing a motion for relief from judgment with the Macomb County Circuit Court under M.C.R. 6.502. The denial of a motion for relief from judgment can be appealed to the Michigan Court of Appeals and the Michigan Supreme Court. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

The outright dismissal of the petition, even without prejudice, might result in petitioner being foreclosed from presenting his claims in federal court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance that calls for the abatement of a habeas petition arises when an original petition was timely filed, but a second, exhausted habeas petition would be time barred by the statute of limitations for filing habeas petitions contained in 28 U.S.C. § 2244(d)(1). *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).

A habeas petitioner who is concerned about the possible effects of his or her state post-conviction filings on the AEDPA's statute of limitations can file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold the petition in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *See Wagner v. Smith,* 581 F. 3d at 419. Further, any new claims that petitioner wishes to present to the state courts might be based

on newly discovered evidence, petitioner has thus shown good cause for failing to properly raise these claims sooner. *See e.g. Cunningham v. Hudson*, 756 F.3d 477, 486 (6th Cir. 2014).

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278.  To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within ninety days from the date of this Order. *See id.*  Further, he must ask this Court to lift the stay within ninety days of exhausting his state court remedies. *See id.*  "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

## ORDER

Accordingly, **IT IS ORDERED** that petitioner may file a motion for relief from judgment with the state court within ninety (90) days of receipt of this Court's order.  Petitioner shall re-file his habeas petition within 90 days after the conclusion of the state court post-conviction proceedings, using the same caption and case number.  Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943-44 (E.D. Mich. 2015); *See also AFT Michigan v. Project Veritas*, 397 F. Supp. 3d 981, 996

(E.D. Mich. 2019), *leave to appeal denied sub nom. In re Project Veritas*, No. 19-0109, 2019 WL 4667711 (6th Cir. Aug. 16, 2019).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

<u>**s/ Nancy G. Edmunds**</u>
**HON. NANCY G. EDMUNDS**
**UNITED STATES DISTRICT JUDGE**

**Dated:  September 21, 2020**

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 21, 2020, by electronic and/or ordinary mail.

<u>s/Lisa Bartlett</u>
Case Manager